UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PENGBO XIAO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEAST BUFFET, INC.,<br>HELEN EMPLOYMENT AGENCY, and<br>DOES 1-25,<br><br>Defendants. | Case No. C17-01581 RSM<br><br><br>ORDER RE: MOTIONS IN LIMINE |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion in Limine (Dkt. #49) and Defendant Feast Buffet, Inc. ("Feast Buffet")'s Motions in Limine (Dkt. #50). For the reasons set forth below, Plaintiffs' Motion is GRANTED and Defendant, Feast Buffet, Inc.'s Motions are GRANTED IN PART.

## II.    LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L.Ed. 2d 443 (1984). To resolve such motions, the Court is guided by Fed. R.

Evid. 401 and 403.  Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401.  The Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III.    DISCUSSION

#### A. Plaintiffs' Motion in Limine

Plaintiffs move to exclude evidence or prevent reference to evidence that Plaintiffs allegedly filed false income tax returns.  Dkt. #49 at 2.

On June 4, 2019, Feast Buffet filed an untimely response to Plaintiffs' Motion.  Dkt. #55. *See* Local Rules W.D. Wash. LCR 7(d)(4) ("Any opposition papers shall be filed and served no later than the Monday before the noting date.").  The Court will nonetheless consider the arguments raised in Defendant's Response in the interest of judicial economy, given that parties' evidentiary disputes will otherwise be raised during trial.

Plaintiffs argue that their alleged filing of false or inaccurate income tax returns and information is not relevant to any of the claims or issues in the case or, alternatively, any evidentiary value is substantially outweighed by the misleading effect it would have at trial.  Dkt. #49 at 3-5.  Feast Buffet responds that Plaintiffs' tax returns are not unfairly prejudicial and are relevant to demonstrating that Plaintiffs willingly consented to Feast Buffet's pay practices.  Dkt. #55 at 1-2.

The Court agrees with Plaintiffs that evidence of their alleged false income tax returns is more prejudicial than probative of Plaintiffs' willing submission to Feast Buffet's nonpayment

of wages and risks confusing the issues for the jury.  Accordingly, the Court GRANTS Plaintiffs'

Motion in Limine.

**B. Defendant's Uncontested Motions in Limine 2–3, 5–10.**

Defendant has proposed eight (8) Motions in Limine which Plaintiff does not oppose.

Dkt. #50 at 4-6, Dkt. #53 at 6–7.  The Court notes Plaintiffs' claim that Feast Buffet violated the

Local Rule 7 meet-and-confer requirement by failing to raise all issues contained in its Motions

in Limine prior to filing.  *See* Dkt. #53 at 5-6 (citing Local Rules W.D. Wash. LCR 7(d)(4)).

However, given that Plaintiffs do not oppose the majority of Defendant's Motions, the Court

declines Plaintiffs' request to issue sanctions under Rule 11.  Accordingly, the following

unopposed Motions in Limine are GRANTED, wherein parties agree to:

2. Exclude evidence of an alleged threat received by Plaintiff Cai Mingfeng
   subsequent to quitting his employment with Feast Buffet;

3. Exclude evidence, testimony, photographs or comments regarding the housing
   conditions that Defendants provided to Plaintiffs throughout their
   employment with Feast Buffet;

5. Exclude any reference to the filing of parties' motions in limine and the
   Court's rulings on the same;

6. Exclude all nonparty witnesses from the courtroom during the testimony of
   other witnesses;

7. Provide the Court and each other 24-hour notice of an expected testifying
   witness or deposition transcript to be introduced at trial;

8. Not use any exhibits not admitted before or during trial in arguments absent
   prior ruling by the Court or with the consent of counsel;

ORDER RE: MOTIONS IN LIMINE
PAGE - 3

9. Not make prejudicial comments, arguments or evidence preserved before the jury regarding pre-trial motions, and not attempt to introduce evidence that has been excluded. The Court shall instruct the jury to disregard prejudicial comments, arguments or evidence regarding pre-trial motions and excluded evidence;

10. Exclude evidence of settlement discussions or offers to compromise.

## C. Defendant's Contested Motions in Limine, 1 and 4

Defendant has proposed two (2) Motions in Limine, to which Plaintiff has objected. Dkt. #50 at 2-3, 5; Dkt. #53 at 3-5. The Court addresses each of these motions below.

### 1. Wage and Hour Claims Raised After Plaintiffs' Employment

Defendant moves to exclude "wage and hour claims made after plaintiffs' employment, by any persons other than plaintiffs, or settlement of any such claims." Dkt. #50 at 2. Defendant argues that such claims made by other employees, or resolution of such claims, "are irrelevant to claims made by Plaintiffs to this case," and that any minimal probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay. Dkt. #50 at 3.

Plaintiffs respond that evidence of Feast Buffet's settlement of other claims is directly relevant to whether Defendants "willfully" deprived Plaintiffs of wages, which affects the length of the statute of limitations applied to Plaintiffs' claims under the Fair Labor Standard Act ("FLSA"). Dkt. #53 at 3. Plaintiffs also respond that Feast Buffet's settlement of other claims is relevant to Plaintiffs' state law claims, given that Plaintiffs are entitled to double damages and fees under RCW 49.52.070 if they can demonstrate that the employer paid lower wages "willfully and with intent to deprive" what was owed to Plaintiffs under the statute. *Id.* at 4.

While the Court agrees with Plaintiffs that wage-related claims made by Feast Buffet employees other than Plaintiffs could directly bear on the question of "willfulness" of Feast Buffet's alleged wage violations, such evidence is only relevant for claims raised *prior to* Plaintiffs leaving their employment with Feast Buffet. For any claims made *after* Plaintiffs left Feast Buffet, the Court agrees with Defendant that evidence of such claims is not relevant or probative of Feast Buffet's intent, knowledge or willfulness regarding compensation practices during Plaintiffs' employment. For the same reason, settlement of any claims raised *after* Plaintiffs' employment with Feast Buffet is not relevant.

Accordingly, the Court GRANTS Defendant's Motion in Limine No. 1.

### 4. Defendant's Assets, Income, Financial and Tax Information

Defendant next moves to exclude evidence of their income, assets, financial and tax information on the basis that such records are irrelevant and inadmissible. Dkt. #50 at 5. Defendant argues that Plaintiffs are not making any claims wherein there would be a basis for punitive damages, which account for a defendant's financial status or ability to pay. The compensatory damages sought are merely to make the plaintiff whole. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiffs respond that Feast Buffet's tax returns are relevant to the inquiry of whether Feast Buffet made more than $500,000 in the year preceding the filing of this lawsuit—a fact that would qualify Feast Buffet as a "covered enterprise" under the FLSA. Dkt. #53 at 5. If a company has enterprise coverage, then its employees are protected by the FLSA regardless of whether their work involves them in interstate commerce. 29 U.S.C. §§ 206, 207.

Given that parties dispute whether Feast Buffet is covered by FLSA's enterprise coverage, *see* Dkt. #26 at 2, ¶ 8, the Court agrees with Plaintiffs that evidence of Feast Buffet's

financial and tax information is relevant to determining the type of coverage under FLSA afforded to Plaintiffs during their employment at Feast Buffet.

Accordingly, the Court DENIES Defendant's Motion in Limine No. 4.

## IV.    CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion in Limine (Dkt. #49) is GRANTED and Defendant, Feast Buffet, Inc.'s Motions in Limine (Dkt. #50) are GRANTED IN PART as stated above.


DATED this 14th day of June 2019.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE